KENNEDY, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

(149 N. W. 726.)

**Appeal—Error—Railroad Double Damage Law—Reversal of Judg-ment of State Supreme Court by Federal Supreme Court—Directing Judgment for Single Damages, or New Trial—Costs.**

Where plaintiff sued a railway company for damages by fire alleged to have been set out by one of its locomotive engines, as the result of the company's negligence through improper construction of the engine that did not prevent escape of sparks, and that it was out of repair; suing also under Laws 1907, Chap. 215, which law attempted to create an absolute liability, and authorizing recovery of double damages under certain circumstances, and recovered a verdict upon which judgment for double damages was entered; and the Supreme Court, on appeal, held that the absolute liability provision was unconstitutional, and on writ of error the Supreme Court of the United States held that the double damage provision was also void; **held,** that, the only effect of the reversal of the judgment of the state Supreme Court by the federal Supreme Court was to vacate the judgment for double damages, and the judgment for costs on appeal to the state Supreme Court, and to deny the authority of the state Supreme Court to double the damages,

and hence the judgment stood so far as it awarded plaintiff single damages; and the Supreme Court will direct judgment upon the verdict, for single damages, and will not order a new trial. **Held,** further, that the reversal of the judgment of the state Supreme Court vacated the judgment for costs upon the appeal to the latter Court, and required that defendant and appellant be given judgment for costs, if any, paid by it, but that no further taxation of costs would be allowed on the appeal to the state Supreme Court.

(Opinion filed December 14, 1914.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action by C. B. Kennedy against the Chicago, Milwaukee & St. Paul Railway Company, for damages to plaintiff's property by fire from defendant's locomotive engine. From a judgment for plaintiff, defendant appeals. The Supreme Court having reversed the judgment appealed from, wherein it was based upon the absolute liability clause of. the law involved, and the Supreme Court of the United States having, upon writ of error, held that the double damage clause of said law was also void, the cause came before the State Supreme Court for final disposition. Reversed and remanded, with directions.

See, for former opinion, 28 S. D. 94.

*William G. Porter,* and *Ed. L. Grantham,* for Appellant.

*C. B. Kennedy,* in pro. per., for Respondent.

SMITH, P. J. Action under chapter 215 of the Laws of 1907, for damages alleged to have been caused by fire from one of the defendant's locomotives. Negligence is also affirmatively alleged, in that the engine was not properly constructed to prevent the escape of sparks, and was out of repair, etc., Trial to a jury, and verdict for plaintiff in the sum of $100, upon which judgment for double damages was entered by the trial court. Defendant appealed to this court from the judgment, relying for reversal upon two grounds: First. That chapter 215 embraced two subjects, namely: ( 1) Declares an absolute liability in all cases for damages from fire communicated by locomotive engines, which liability did not exist at common law; and (2) provides for double damages in case the carrier corporation fails or neglects to pay the damages within 60 days after notice, etc., and contends that the act, therefore, violates section 21, art. 3, of the

Constitution of this state, which provides that no law shall embrace more than one subject, which shall be expressed in its title. And (3) that the act, so far as it provides for double damages, denies to appellant the equal protection of the laws, and is therefore repugnant to the fourteenth amendment to the Constitution of the United States, and also to sections 2 and 18 of article 6 of the state Constitution. Upon the appeal, this court held so much of chapter 15 as declares an absolute liability for damages from fire to be unconstitutional, because not within the title of the act. But it was also held that the two provisions of the act were separable; that the double damage clause was valid and constitutional, and the judgment was affirmed. From this decision defendant appealed to the Supreme Court of the United States, alleging the unconstitutionality of the double damage act. That court following its ruling in the Polt Case, 232 U. S. 165, 34 Sup. Ct. 301, 58 L. Ed. 554, reversed the judgment of this court, held said act to be unconstitutional, and remanded the cause to this court for further proceedings not inconsistent with the opinion of that court.

The cause is now before us for final disposition. It is respondent's contention that this court should direct the trial court to enter judgment for plaintiff for the amount of the actual damages and costs, and that, inasmuch as the judgment of the lower court was affirmed by this court, the costs of appeal should not be taxed against respondent. It is appellant's contention that the judgment should be reversed, new trial ordered, and costs, both in this court and the Supreme Court of the United States, taxed against respondent.

In the Polt case, in a decision just handed down by this court, it is held that the judgment of the trial court should be reversed in toto and a new trial ordered, for the reason that the complaint contained no allegation of negligence, and no evidence of negligence was offered by respondent. In this respect the present case differs materially from the Polt case, in that the complaint contains appropriate allegations of negligence which were denied by the answer; that the issue of negligence was tried and determined adversely to appellant; that no error upon the trial of that issue was assigned upon appeal; and that the verdict upon that issue is therefore conclusive upon appellant. In this con-

tention we think respondent is correct. The only effect of the reversal of the judgment of this court by the Supreme Court of the United States is to vacate the judgment for double damages, and to deny the authority of the court to double the damages, but that decision does not vacate or affect the verdict itself, and no error appearing in the proceedings leading up to the verdict, we believe this court is authorized to direct a judgment upon the verdict for the amount of single damages. The mandate of the Supreme Court of the United States, however, directs judgment against respondent for the costs taxed upon the appeal to that court, and that mandate we must obey. The reversal of the judgment of this court, however, vacates the judgment for costs upon appeal in this court, and requires that appellant be given a judgment for the amount of costs paid by it, if costs have in fact been paid. Further than this, no taxation of costs in this court on appeal will be allowed.

The cause is therefore remanded to the trial court, with direction to enter judgment for plaintiff for the amount of the verdict, together with the trial costs in that court.