## PENALTIES FOR REQUIRING EMPLOYEES TO JOIN RELIEF ASSOCIATION AND WAIVE DAMAGES FOR INJURIES.

Court of Appeals for Hamilton County.

JOSEPH F. BAILEY v. THE BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY; AND THREE OTHER CASES.

Decided, March 18, 1916.

*Constitutional Law—Validity of the Statute Fixing a Penalty—For Requiring Employees to Join a Relief Association—Petition for Recovery of Such Penalty Held Good Against Demurrer.*

Sections 9012-13-14, providing that it shall be unlawful for any corporation to compel employees to join an association, or to withhold any part of their wages for payment of dues in such association, and prohibiting the demanding or receiving of waivers from employees of any right to damages in case of personal injury or death during the course of such employment, and declaring agreements of that character void, are not in contravention of either the Federal or the state Constitution; and an action lies to recover a penalty for requiring an employee to do the things in these statutes forbidden.

*Albert D. Alcorn* and *Robert S. Alcorn,* for plaintiffs in error. *Harmon, Colston, Goldsmith & Hoadly,* contra.

GORMAN, J.

The above four proceedings in error present the same questions of law, and they were argued and submitted to the court as one cause involving the same or identical facts, from which facts the same conclusions of law should be drawn.

Each of the plaintiffs in error commenced an action against the defendant in error in the common pleas court under favor of Sections 9012, 9013 and 9014, General Code, to recover a penalty for withholding from their wages certain sums each month to be applied in payment of their dues in the relief department of the defendant in error.

It will be sufficient for the purposes of the court to refer to the petition of Joseph Bailey. He sets up thirteen causes of action, all of which, except as to dates, are identical. In his first cause of action he sets up the corporate existence of the defendant, and that it was organized to operate a railroad in Ohio and other states, and he then avers that:

. "Plaintiff, during the month of April, 1913, was employed by the defendant as switchman. Defendant required him, as a condition of. his employment, to join its relief department. Said association or department, by its rules and regulations, required him to agree to surrender or waive a right of damages against the defendant for personal injuries, and to surrender or waive his rights in said department or association, in case he asserted his claim for damages against defendant for personal injuries.
"During April, 1913, the defendant unlawfully and illegally withheld from plaintiff's salary as such employee the sum of four ($4) dollars for the payment of dues in said department or association, contrary to the provisions of Section 9012, General Code of Ohio, to the plaintiff's damage in the sum of five hundred ($500) dollars."

The trial court sustained a demurrer to this cause of action and to the petition setting up the other twelve similar causes of action, on the ground that no cause of action was stated. He also sustained like demurrers to the like petitions setting up like causes of action by the other plaintiffs in error.

The question presented to this court is the correctness of these rulings.

The sections of the code under which plaintiffs seek to recover are 9012, G. C., 9013, G. C., and 9014, G. C. Section 9012, G. C., in part reads as follows:

"No corporation directly or indirectly shall compel or require an employee to join any company or association whatsoever, or withhold any part of an employee's wages or his salary for the payment of dues or assessments in any society or organization, or demand or require either as a condition precedent to securing employment or being employed," etc.

Section 9013 reads as follows:

"No railroad company, insurance society or association or other person shall demand, accept or enter into an agreement or stipulation with a person about to enter or in the employ of a railroad company, whereby he stipulates or agrees to surrender or waive any right to damage against a railroad company, thereafter arising for personal injury, or death, or whereby he agrees to surrender or waive in case he asserts such right, any other right."

Section 9014, General Code, in substance provides that all rules, regulations, stipulations and agreements declared unlawful by the next three preceding sections are void. A corporation violating, or aiding or abetting the violation of either of such sections shall for each offense forfeit and pay to the person thus wronged or deprived of his rights thereunder not less than fifty nor more more than five hundred dollars, to be recovered by a civil action.

The demurrers for the purposes of the cases admit the truth of the averments set out in the various causes of action of the several petitions; and the sole question to be determined, therefore, is the right of the plaintiffs to recover on the admitted facts of the petitions. This in turn involves the constitutionality of these sections of the General Code. If these sections are valid constitutional expressions of the law-making body, then clearly the petitions disclose a violation of these Sections (9012 and 9013), and by the express terms of Section 9014 the defendant company, by the act of violating these sections or either of them, became liable to the injured employee in a civil action, for the penalty fixed by the statute. On the other hand, if these sections are invalid because they are in contravention of any provision of the state or Federal Constitution, then no cause of action exists in favor of plaintiffs and the demurrers were properly sustained.

It is claimed by counsel for defendant in error that these sections of our code are violative of the Fourteenth Amendment of the Federal Constitution, in that they impair the rights of citizens of Ohio to contract fully and freely concerning their own labor and the fruits thereof, and therefore deprives them of liberty without due process of law.

Before considering this question we shall take up the claim of
defendant in error that the relief department of the defendant,
which is attacked in the petition in these cases, is a valid and
lawful organization. The following cases are cited in support
of this claim, in which cases it is contended that this organiza-
tion has been held to be a valid and lawful one: *P., C., C. &
St. L. Ry. Co.* v. *Cox*, 55 O. S., 497; *State, ex rel Sheets*, v.
*P., C., C. & St. L. Ry. Co.*, 68 O. S., 9; *Penn. Co.* v. *State, ex rel
Crainger*, 69 O. S., 536; *State, ex rel Simpson*, v. *B. & O. R. R.
Co.*, 88 O. S., 540.

The case of *P., C., C. & St. L. Ry. Co.* v. *Cox, supra*, was an
action to recover damages for personal injuries claimed to have
been sustained by Cox by reason of the negligence of the com-
pany. The company set up as a defense that its relief depart-
ment was a voluntary association created for the purpose of
managing a fund known as "the relief fund," and that said re-
lief fund was formed by voluntary contributions from employees,
and appropriations when necessary to make up the deficiencies,
all for the benefit of the employees who may be members thereof;
that under the regulations of said relief department no employee
is required to become a member of said relief department or to
contribute to said fund, and that membership therein is purely
voluntary, and an employee may withdraw therefrom at pleasure;
that payments by the employees to the support of said relief
fund were voluntary. A demurrer to this defense was overruled,
and this ruling was sustained by the Supreme Court. In decid-
ing the case the court, through Spear, J., on pages 512 and 513,
says:

"We think the contract set up in the answer is not fairly
within the inhibitory terms of the act, when reasonably con-
strued, and this conclusion makes it unnecessary to consider
the unconstitutionality of the statute."

On pages 514 and 515, in speaking of the character of the
relief department, and of the effect of the rules and regulations
thereof on the members, this language is used:

"Nor is the contract a compulsory one. It is entered into voluntarily. If the employee conceives it to be for his interest to enter the relief class, he applies for the privilege; if not, he with like exercise of his own judgment stays out."

It will therefore be seen that the constitutionality of these sections was not passed upon by the Supreme Court in this case; nor was the point decided that a relief department, whose rules required an employee, or one about to become an employee, of a railroad company to become a member of said relief department, is a legal or valid association. On the contrary, the kind of a relief department which the court was considering in this case was one which was purely voluntary and whose rules did not require or compel railroad employees to become members thereof, or compel them to contribute to the relief fund.

But the petition in the case before us avers that defendant required plaintiff, as a condition of his employment, to join its relief department, and that the rules of said department required him to agree to surrender or waive a right to damages against the defendant for personal injuries, and that the defendant unlawfully and illegally withheld from plaintiff's salary the sum of $4 each month for the payment of dues in said relief department. The demurrer admits these averments to be true, and these requirements or exactions on the part of defendant company are the things prohibited by the statute, Sections 9012 and 9013, General Code. If the employee is not required or compelled to join the relief department but does so voluntarily, as was said in the Cox case, *supra,* then there is no violation of any statute; and therefore this case does not aid us in determining whether or not the demurrer to plaintiff's petition was properly sustained.

The case of *State, ex rel Sheets,* v. *P., C., C. & St. L. Ry. Co.,* 68 O. S., 9, was an action in *quo warranto* brought by the Attorney-General to inquire by what authority the defendant company was engaged in transacting the business of life and accident insurance whereby it insured its employees against sickness, accident and death through its relief department, and praying for a judgment of ouster. The findings of fact upon which the

case was submitted to the court shows that the defendant's relief department was entirely voluntary and confined to its employees, none of whom were required to become members thereof nor to pay dues thereto except voluntarily. The court found as a matter of law that such an association conducted as a voluntary relief department, where there was no compulsion or obligation on the part of the employees to join, was not illegal; nor were the acts of the defendant company in maintaining such a relief department *ultra vires* or contrary to public policy. But no question as to the constitutionality of the statute under which defendant company was maintaining said relief department was raised in that case, nor was there any question involved as to the legality of a *compulsory* relief department whose members were *required* or *compelled* to join, as a condition of their employment, by the defendant company whose employees wages were illegally taken to pay dues into said association. On page 33 the court says:

"Not a dollar of the fund ever belongs to the railway company, and it is made up primarily of a certain part of the wages of the employee retained for that purpose by his direction. * * * While an employee is not required to become a member, none but employees could do so. * * * Is this an insurance business? It is not held out to be such. * * * The members of the fund are volunteers."

The case of *Pennsylvania Company* v. *State, ex rel Gallinger*, 69 O. S., 536, is an unreported case and decided on the authority of *P., C., C. & St. L. Ry. Co.* v. *Cox*, 55 O. S., 497, and *State, ex rel Sheets,* v. *P., C., C. & St. L. Ry. Co.,* 68 O. S., 9. Evidently from the title of the case and the reference to these two cases it was a case of *quo warranto* involving the same questions considered in the two cases cited. We can not speculate as to what questions were involved in this case, and can not see that the citation sheds any light on the questions under consideration.

The case of *State, ex rel Simpson,* v. *B. & O. R. R. Co.,* 88 O. S., 540, is another unreported case decided on the authority of the Cox case, 55 O. S., 597. This case would also, as appears

from the printed record, seem to have been a *quo warranto* proceeding; but in the absence of a report of what was there decided we can not say that this decision has any application to the questions raised in the instant cases.

There remains to be considered the case of *Copeland* v. *B. & O. S. W. R. R. Co.*, No. 431 on the docket of this court, and cited by counsel for defendant in support of their contention that this decision is decisive of the questions involved in the cases under consideration. The Copeland case was brought by an employee of the defendant company to recover from the defendant all the moneys which he alleged he was compelled to pay, or which were compulsorily deducted from his wages by the defendant company as premiums for insurance in said defendant company against his own liability to injury or death. The total amount sought to be recovered was $112.30, and included weekly items of $3 extending over the period from January 15, 1911, to December 22, 1913. The theory upon which a recovery was sought in this case was that the defendant company had insured plaintiff against death or personal injury in consideration of the sums withheld each week from his wages, and that he was discharged by defendant from its employ against his will and thereby cut off from the benefits of said insurance, and that said discharge operated as a cancellation of his insurance. Plaintiff bottomed his right to recover these premiums compulsorily deducted from his wages under the rule laid down in *Insurance Co.* v. *Pottker*, 33 O. S., 49, the fourth paragraph of the syllabus of which is as follows:

"If in such case the company (insurance company) wrongfully declares the policy forfeited, and refuses to accept the premium when duly tendered, and to give the insured the customary renewal receipt evidencing the continued life of the policy, the assured is in equity entitled to demand a rescission of the contract and a return of the premiums paid thereon, with interest from the time of payment."

No claim was made in that case that Sections 9012, 9013 and 9014, General Code, were unconstitutional and void, nor was this

question considered or decided by this court. It appeared to this court that Copeland was seeking to recover back sums of money voluntarily paid by him to the railroad company, under a claim that he had been compelled to pay the same.

The case of *State, ex rel Sheets,* v. *P., C., C. & St. L. Ry. Co.,* 68 O. S., 9, appeared to cover Copeland's case, and this court so stated in its opinion. There is no express provision of law warranting a recovery of money paid into the relief department of a railroad company whether paid voluntarily or involuntarily. The remedy given by the statute, Section 9014, General Code, appears to be the recovery of a penalty of from $50 to $500 for a violation of the statutes which forbid employees of a railroad company being required to join relief associations or withholding a part of their wages against their will. It appears further that during the entire time that Copeland paid into the relief association of the railroad company he received the benefits of an insurance against injuries or death, and this court felt that under the circumstances he had received value for the dues paid in by him.

The trial court in the cases under consideration was warranted in sustaining the demurrers to the petitions on the language employed in the decision in the Copeland case. But this court did not intend in the Copeland case to hold Sections 9012 and 9014 unconstitutional, nor was its decision in that case based on such grounds. We deem it to be fair to the trial court to say that he was no doubt misled by the language in the Copeland case, in deciding the case before us.

As to the question of the constitutionality of the sections of the General Code, raised in these cases, we are of the opinion that it was within the province and power of the Legislature to prescribe the regulations and conditions under which a railroad company, a corporation doing business in Ohio, might conduct and operate its relief departments, and to define the kind and character of relief departments or associations which such corporations could maintain. Courts must presume all statutes passed by the law-making body to be valid; and an act of the Legislature should never be held invalid or unconstitutional, unless clearly or manifestly so. These sections do not deprive

either the railroad company or any of its employees of the right to freely and voluntarily contract with one another with reference to the employment of the employees or their rights to benefits in the relief departments. The inhibition is to requiring or compelling employees to join relief departments or to submit to compulsory deductions from their wages as conditions of employment or continuance in employment.

The statutes seek to prevent the coercion of the employees. Voluntary payments of parts of their wages, or voluntarily seeking to be admitted to membership in the relief departments is not prohibited. In all the cases decided by the courts of this state, in so far as we have found, upholding the railroad relief departments, the associations were either admitted or found by the court to be purely voluntary and not compulsory.

In the case of *State, ex rel Simpson,* v. *Pennsylvania Co. and B. & O. R. R. Co.,* 13 C.C.(N.S.), 37, the court said on page 39:

"It is further contended as a second ground of demurrer that the amended petition does not state facts sufficient to constitute a cause of action on the ground that Section 9010, General Code, as amended April 7, 1908, is unconstitutional and void.

"We are of the opinion that it is entirely competent for the Legislature to place proper restrictions upon a corporation, such as a railroad company, in respect to its conduct and operation, and the character of relief associations that it maintains or assists in maintaining, and that it is not violative of any of the provisions of the Constitution."

Section 9010, General Code, prohibits any railroad company from establishing, maintaining or assisting in maintaining

"a relief association or society, the rules or by-laws of which require of a person or employee becoming a member thereof to enter into an agreement or stipulation, directly or indirectly, whereby he stipulates or agrees to surrender or waive a right of damages against any railroad company for personal injuries or death, or to surrender or waive in case he asserts such claim for damages, any right whatever."

There would seem to be no good reason for holding that if such a statute is constitutional and valid, then Sections 9012,

General Code, and 9014, General Code, are also valid enactments, inasmuch as these sections prohibit any railroad company from directly or indirectly compelling or requiring an employee to join any association whatsoever or to withhold any part of his wages, and imposing a penalty of from $50 to $500 for a violation of the sections.

In the case of *Shaver* v. *Pennsylvania Co.*, 71 Fed., 931, Judge Ricks of the United States Federal Court for the Northern District of Ohio held that Section 3270, Revised Statutes, a part of which section is now 9012, General Code, is unconstitutional and void because violative of Article II, Section 26 of the Constitution, and of the Fourteenth Amendment of the Federal Constitution; but the facts show that the relief association in that case was a voluntary one and in no way compulsory.

In the case of *Pierce* v. *VanDusen*, 118 Fed., 693, decided by the United States Circuit Court of Appeals for this Sixth District, Justices Harlan, Taft and Lurton, sitting, the court in commenting on this decision of Judge Ricks in the Shaver case, says on pages 702-703:

"It is quite clear from an examination of Judge Rick's opinion that he intended to decide nothing more—indeed, the case under his view of the statute required nothing more to be decided—than that the part of the act of 1890 relating to contracts or agreements whereby a right to damages against a railroad company, arising from personal injuries or death, was surrendered or waived when the employee became a member of the relief association referred to, was unconstitutional, as depriving the employees of railroad corporations of their liberty without due process of law. He had no occasion in the case before him to consider the validity of the third section of that act."

A perusal of this decision in 118 Fed., *supra*, satisfies us that the United States Circuit Court of Appeals did not approve of Judge Ricks' holding in the Shaver case, and that what he said in that case as to the unconstitutionality of Section 3270, Revised Statutes, was to be considered as *obiter dicta*.

Penalty statutes similar to Section 9014, General Code, have been frequently upheld as valid and reasonable legislation. *Railroad Co.* v. *Cook*, 37 O. S., 265; *D., T. & I. R. R. Co.* v. *State*,

82 O. S., 60; *Seaboard Air Line* v. *Seegers*, 207 U. S., 73; *Western Un. Tel. Co.* v. *James*, 162 U. S., 650.

Indeed, in the case of *C., B. & Q. R. R. Co.* v. *McGuire*, 219 U. S., 549, the court held that McGuire, a brakeman who after being injured accepted his benefits as a member of the relief association to the amount of $822, was not thereby barred to maintain an action against the railroad company for the injuries received. The law of Iowa as to relief associations set up in that case to defeat McGuire's recovery, was similar to the Ohio statutes. In the fourth paragraph of the syllabus of the case the court says:

"A state has power to prohibit contracts limiting liability for injuries, made in advance of the injuries, and to provide that the subsequent acceptance of benefits under such contracts shall not constitute satisfaction of the claim for injuries received after the contract. Such a statute does not impair the liberty of contract guaranteed by the Fourteenth Amendment; so held as to the Iowa statute relative to employees of railway companies."

Under the employer's liability acts of 1906 and 1908 passed by Congress, there is a provision that the acceptance of benefits from the relief department does not bar an injured employee from recovering, even though he agrees to waive his claim for damages, if he accepts the benefit for any injuries received after the agreement is entered into. This provision of these acts has been upheld as a valid exercise of the legislative power. *Phil., Bal. & Wash. R. R. Co.* v. *Schubert*, 224 U. S., 603; *P., C., C. & St. L. Ry. Co.* v. *Sheets*, 15 C.C.(N.S.), 305.

In the case in 224 U. S., *supra,* the court says:

"Congress has power to enforce the regulations validly prescribed by the employer's liability act of 1908, but the provision of Section 5 of the act providing that exemptions from liability shall be void, and that the acceptance of benefits under the relief contract shall not be a bar to recovery are not in contravention of any constitutional inhibition."

Counsel for defendant in error have cited in support of their contention that these sections are violative of the Fourteenth

Amendment of the Federal Constitution, the cases of *Mo. Pac. Ry. Co. v. Tucker,* 230 U. S., 340; *C., M. & St. P. Ry. Co. v. Polt,* 232 U. S., 165; *C., M. & St. P. Ry. Co. v. Kennedy,* 232 U. S., 626.

The first of these cases involved the right of the state of Kansas to fix railroad rates for transportation of oil, gasoline, etc., and fixed a penalty of $500 for a violation of the act.

The second case involved the right of the Legislature of South Dakota to enact a law allowing double damages against a railroad company for failure to pay a claim or to offer a sum equal to what the jury finds the claimant entitled to.

The third case involved the same question as was raised in the second case.

Suffice it to say that even a cursory reading of these decisions will satisfy one that the rules therein laid down have no application to the cases under consideration. The statutes construed in these cases undertook arbitrarily, and without an opportunity to have the question tried in a court of law or equity, to confiscate property and property rights of railroad companies. These statutes were not regulatory, but highly penal.

The statutes of Ohio under consideration, Sections 9012, 9013 and 9014, General Code, are purely regulatory and not confiscatory, as were the statutes passed upon in the cases above referred to.

Upon a full and fair consideration of the cases, we are not prepared to say that these statutes are so palpably and manifestly in contravention of any of the provisions of the Federal Constitution or of the Constitution of this state as to require us to hold that the General Assembly had no power to enact the same. Courts inferior to the Supreme Court should be very chary in holding acts of the law-making body unconstitutional, and should do so only in cases which are clearly in contravention of the organic law.

For the reasons stated the judgment of the court of common pleas will be reversed and the causes remanded for such further proceedings as are authorized by law.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.