# CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY *v.* POLT.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH DAKOTA.

No. 161. Argued January 16, 1914.—Decided January 26, 1914.

While the States have a large latitude in the policy they will pursue in regard to enforcing prompt settlement of claims against railroad companies, the rudiments of fair play to the companies as required by the Fourteenth Amendment must be recognized.

The statute of South Dakota of 1907, c. 215, making railroad companies liable for double damages in case of failure to pay a claim or to offer

a sum equal to what the jury finds the claimant entitled to, held to be unconstitutional as depriving the companies of their property without due process of law. *St. Louis, Iron Mtn. & Southern Ry.* v. *Wynne*, 224 U. S. 354, followed; *Yazoo & Miss. Valley R. R.* v. *Jackson Vinegar Co.*, 226 U. S. 217, distinguished.

26 So. Dak. 378, reversed.

THE facts, which involve the validity under the due process provisions of the Fourteenth Amendment of a judgment for double damages entered under a railroad claim statute of South Dakota, are stated in the opinion.

*Mr. William G. Porter*, with whom *Mr. Burton Hanson, Mr. Ed. L. Grantham* and *Mr. Harrison C. Preston* were on the brief, for plaintiff in error:

Chapter 215, Session Laws of South Dakota for 1907, is unconstitutional in that it imposes a penalty for delinquency in payment of a debt.

The act discriminates against one class of litigants in favor of another, denying to plaintiff in error equal protection of the laws.

The law in its operation is pernicious and works a rank injustice.

In support of these contentions see *A., T. & S. F. Ry. Co.* v. *Matthews*, 174 U. S. 96; *Builders' Supply Depot* v. *O'Connor*, 150 California, 265; *Black* v. *M. & St. L. Ry. Co.*, 122 Iowa, 32; *Calder* v. *Bull*, 3 Dallas, 387, 388; *Coal Co.* v. *Rosser*, 53 Oh. St. 22, 24; *Chicago, St. L. & N. O. R. Co.* v. *Moss*, 60 Mississippi, 641; *Cotting* v. *Kansas City Stock Yards*, 183 U. S. 79; *County of San Mateo* v. *So. Pac. R. Co.*, 13 Fed. Rep. 722; *Denver & R. G. Co.* v. *Outcalt*, 2 Colo. App. 394; *Grand Island Ry. Co.* v. *Swinbank*, 51 Nebraska, 521; *Gulf, Col. &c. Ry. Co.* v. *Ellis*, 165 U. S. 150; *Hurtando* v. *California*, 110 U. S. 535; *Hocking Valley Coal Co.* v. *Rosser*, 52 Oh. St. 12; *Jolliffe* v. *Brown*, 14 Washington, 155; *Railroad Tax Cases*, 13 Fed. Rep. 722, 782; *St. L., I. M. & S. Ry. Co.* v. *Wynne*, 224 U. S. 258;

*Seaboard Air Line* v. *Seegers*, 207 U. S. 73; *South. & N. Ala. R. Co.* v. *Morris*, 65 Alabama, 193; *Sutpeck* v. *Un. Pac. Ry. Co.*, 200 Fed. Rep. 192; *Un. Pac. Ry. Co.* v. *DeBusk*, 12 Colorado, 294; *Wadsworth* v. *Un. Pac. Ry. Co.*, 19 Colorado, 600; *Williamson* v. *Liverpool, L. & G. Ins. Co.*, 105 Fed. Rep. 31; *Wilder* v. *C. & N. W. Ry. Co.*, 70 Michigan, 382.

There was no appearance or brief filed for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This was a suit against the plaintiff in error for loss of property destroyed by fire communicated from its locomotive engine. A statute of South Dakota, after making the Railroad Company absolutely responsible in such cases, goes on to make it liable for double the amount of damage actually sustained unless it pays the full amount within sixty days from notice. If, within sixty days, it shall "offer in writing to pay a fixed sum, being the full amount of the damages sustained and the owner shall refuse to accept the same, then in any action thereafter brought for such damages when such owner recovers a less sum as damages than the amount so offered, then such owner shall recover only his damages, and the railway company shall recover its costs." South Dakota Laws, 1907, c. 215. The plaintiff got a verdict for $780. The Railroad had offered $500; less, that is, than the amount of the verdict, while the plaintiff on the other hand demanded more. In his demand, his declaration and his testimony he set the damage at $838.20. A judgment for double damages was affirmed by the Supreme Court of the State. 26 So. Dak. 378.

The defendant in error presented no argument, probably because he realized that under the recent decisions

of this court the judgment could not be sustained. No doubt the States have a large latitude in the policy that they will pursue and enforce, but the rudiments of fair play required by the Fourteenth Amendment are wanting when a defendant is required to guess rightly what a jury will find, or pay double if that body sees fit to add one cent to the amount that was tendered, although the tender was obviously futile because of an excessive demand. The case is covered by *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Wynne,* 224 U. S. 354. It is not like those in which a moderate penalty is imposed for failure to satisfy a demand found to be just. *Yazoo & Mississippi Valley R. R. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217.

*Judgment reversed.*