## CHICAGO & NORTHWESTERN RAILWAY COMPANY *v.* NYE SCHNEIDER FOWLER COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 24. Argued April 18, 1922.—Decided November 13, 1922.

1. A state statute making the initial railroad carrier liable to the shipper for the default of its connecting carrier, is not lacking in due process of law if the first carrier is allowed subrogation against the second, whether the subrogation be founded on statute, common law, or equitable considerations. P. 37.

2. A statute imposing on common carriers the duty of seasonably considering and settling claims for loss or damage of freight, under pain of being required to pay 7% on the recovery and reasonable attorney's fees, to be fixed by the court, in any case where the claimant recovers judgment for more than has been tendered him by the carrier, is not *per se* objectionable under the equal protection or due process clauses of the Fourteenth Amendment. P. 38.

3. Such statutes are to be judged by their application in the particular case; where the result is fair and reasonable, they will be sustained; *aliter* where it is so arbitrary, unequal and oppressive as to shock the sense of fairness inspiring the Fourteenth Amendment. P. 43.

4. In this case, involving numerous claims for loss or injury to hogs while in the carrier's custody, the amount of which the carrier

might have ascertained and so protected itself by a tender, and where the trial lasted four days, an attorney's fee of $200 for service in the trial court, and 7% interest on $800 ultimately recovered, was not an excessive penalty. P. 45. *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Polt,* 232 U. S. 165, distinguished.

5. But imposition on the carrier of an additional attorney's fee of $100, fixed under the statute upon the basis of the service rendered, time and labor bestowed, and recovery secured, by the claimant's attorney in resisting an appeal by which the carrier obtained a large reduction of an excessive judgment, was unconstitutional. P. 46.

105 Neb. 151, reversed in part and affirmed in part.

ERROR to a judgment of the Supreme Court of Nebraska, affirming with reductions a judgment for damages, interest, and attorney's fees, and taxing a further attorney's fee for services in that court, in an action against a railroad company for loss and injury of livestock freight.

Mr. *Wymer Dressler,* Mr. *F. W. Sargent* and Mr. *T. P. Littlepage,* for plaintiff in error, submitted.

Mr. *Garrard Glenn,* with whom Mr. *William B. Walsh* was on the brief, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

In this case, the constitutional validity of two statutes of Nebraska is questioned, the first subjecting the initial railroad of two connecting roads, receiving freight, to liability for safe delivery by the other, and the second making every common carrier liable for a reasonable attorney's fee in the court of first instance and on appeal, for collection from it of every claim for damage or loss to property shipped, not adjusted within 60 days, for intrastate shipments.

The Nye Schneider Fowler Company, defendant in error, is a corporation of Nebraska, at Fremont, Nebraska,

engaged in the business of bringing hogs into the State and shipping them to South Omaha for sale in the stock-yards there. It brought this suit against the plaintiff in error, a common carrier, to recover damages in the sum of $2,097.21 and $900 attorney's fees, for loss or injury to hogs shipped in 105 intrastate shipments, averring due presentation of such claims and the refusal of the company to pay any amount whatever on them. The jury returned a verdict of $802.27, with interest at 7%, as provided in the statute. On motion, the court fixed the reasonable attorney's fees in the suit at $600, as part of the costs, and judgment for verdict and costs was accordingly entered. By the Supreme Court of the State, to which the defendant company appealed the cause, a remittitur was required and consented to for $209.01 on the amount recovered for loss and damage, and the fee of $600 taxed as costs was reduced to $200, but the Supreme Court taxed the plaintiff in error with an attorney's fee of $100 for services in the Supreme Court and judgment was entered accordingly. The questions made involved separate statutes and we shall take them up in order.

First. Section 6058 of the Revised Statutes of Nebraska, 1913, provides as follows:

"Any railroad company receiving freight for transportation shall be entitled to the same rights and be subject to the same liabilities as common carriers. Whenever two or more railroads are connected together, the company owning either of such roads receiving freight to be transported to any place on the line of either of the roads so connected shall be liable as common carriers for the delivery of such freight, to the consignee of the freight, in the same order in which such freight was shipped."

It is objected that this imposes on one railroad liability for the default of another without providing reimbursement by that other and so deprives the one of its property

without due process of law. But the Supreme Court of Nebraska has declared in this case that, in such a case under the statute, the initial carrier has a right of reimbursement under the general principle of subrogation. This conclusion is sound and is supported by *Texas & Pacific Ry. Co.* v. *Eastin & Knox,* 100 Tex. 556, and the general principle involved finds support in *Fisher* v. *Milwaukee Electric Ry. & Light Co.,* 173 Wis. 57; *Arnold* v. *Green,* 116 N. Y. 566, 571; *Syracuse Lighting Co.* v. *Maryland Casualty Co.,* 226 N. Y. 25, and *Holmes* v. *Balcom,* 84 Me. 226. Counsel for the plaintiff in error contend that the legislature has granted no such right of subrogation in this statute, that it is not a right but purely a matter of equity under the circumstances. We can not follow this distinction. We have here a construction of this statute by the Supreme Court of the State, in which that tribunal holds that, under all the circumstances to which this statute can apply, subrogation does exist. The initial carrier is, therefore, certainly protected within the jurisdiction within which the statute operates, and, as no doubt can arise as to the enjoyment of the right, it is immaterial whether it was originally founded on the common law or was developed in the broader justice of equity jurisprudence.

Second. Authority for taxing of attorney's fees as part of the costs in such cases is founded in c. 134, Laws of Nebraska, 1919, amending § 6063, Revised Statutes, 1913, which reads as follows:

"Every claim for loss or damage to property in any manner, or overcharge for freight for which any common carrier in the State of Nebraska may be liable, shall be adjusted and paid by the common carrier delivering such freight at the place of destination within sixty days, in cases of shipment or shipments wholly within the state, and within ninety days in cases of shipment or shipments between points without and points within the state, after

such claim, stating the amount and nature thereof accompanied by the bill of lading or duplicate bill of lading or shipping receipt showing amount paid for or on account of said shipment, which shall be returned to the complainant when the claim is rejected or the time limit has expired, shall have been filed with the agent, or the common carrier at the point of destination of such shipment, or at the point where damages in any other manner may be caused by any common carrier. In the event such claim, which shall have been filed as above provided, within ninety days from the date of the delivery of the freight in regard to which damages are claimed, is not adjusted and paid within the time herein limited, such common carrier shall be liable for interest thereon at seven per cent per annum from the date of filing of such claim, and shall also be liable for a reasonable attorney's fee to be fixed by the court, all to be recovered by the consignee or consignor, or real party in interest, in any court of competent jurisdiction, and in the event an appeal be taken and the plaintiff shall succeed, such plaintiff shall be entitled to recover an additional attorney fee to be fixed by such court or courts: Provided, in bringing suit for the recovery of any claim for loss or damage as herein provided if consignee or consignor, or real party in interest, shall fail to recover a judgment in excess of the amount that may have been tendered in an offer of settlement of such claim by the common carrier liable hereunder, then such consignee or consignor, or real party in interest, shall not recover the interest penalty or attorney's fee herein provided."

The Supreme Court of the State has held that provision for attorney's fees in this section is in the nature of reimbursement of costs and not a penalty. *Smith* v. *Chicago, St. Paul, M. & O. Ry. Co.,* 99 Neb. 719; *Marsh & Marsh* v. *Chicago & Northwestern Ry. Co.,* 103 Neb. 654. But this does not meet the objection pressed on us.

These are costs imposed on the defeated defendant in the litigation, but not on the defeated plaintiff. This is an inequality, and the question is whether it is a just discrimination and one which the legislature may make and not take the defeated defendant's property without due process or deny it the equal protection of the law. We have considered in our more recent decisions the constitutional validity of inequalities of this general character as between claimants and common carriers created by state legislation, and it may perhaps be worth while to review the decisions to see what general rule runs through them, with a view of applying it to the case before us.

In the first of these cases, *Gulf, Colorado & Santa Fe Ry. Co. v. Ellis,* 165 U. S. 150, a defendant railroad company attacked a statute of Texas under which it had been required to pay an attorney's fee to the plaintiff. The statute provided that any person having a claim for personal services, for overcharges for freight, or for claims for stock killed if it did not exceed $50, which was duly presented and not settled in 30 days, might, if he recovered the full amount in a suit, recover also an attorney's fee not exceeding $10, if he had an attorney. This Court, three judges dissenting, held that the statute denied the equal protection of the laws to railroads, because it was only a penalty to compel them to pay their debts, and that to single them out as a group of general debtors was not just classification.

In *Atchison, Topeka & Santa Fe R. R. Co. v. Matthews,* 174 U. S. 96, a statute relating to the liability of railroads for damages for fire caused by their negligent operation, allowed the plaintiff if he recovered a reasonable attorney's fee. This was held a valid classification of defendants, because it was a police measure to prevent fire likely to be caused by operation of railroads and the attorney's fee stimulated care to prevent it.

In *Seaboard Air Line Ry. v. Seegers,* 207 U. S. 73, a state statute imposed a penalty of $50 on all common car-

riers for failure to adjust damage claims within 40 days, if in the subsequent litigation the plaintiff recovered the full amount claimed. The statute was sustained in a case where the claim was $1.75. It was held not to be a statute imposing a penalty merely for the non-payment of debts, or against railroad corporations alone, as in the *Ellis Case,* but one based solely upon the nature of the business peculiarly within the knowledge of the carrier, who could determine the loss more accurately and with less delay than the plaintiff. It was said that the design was to secure a reasonably prompt settlement of proper claims, and especially small claims which most need such penal provisions to protect them.

In *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Wynne,* 224 U. S. 354, a state statute required railroad companies to pay claims for livestock killed or injured by their trains, within 30 days after notice, with a penalty, for failure to do so, of double damages and attorney's fee, if claimant recovered what he sued for. The plaintiff had made a claim for $500 for the killing of two horses by defendant's train. On refusal, suit was brought for $400 and recovery had for that amount. It was held that, to apply the statute, as the state court did, to a case in which plaintiff had demanded more than he sued for, made an arbitrary exercise of power and deprived defendant of its property without due process of law.

In *Kansas City Southern Ry. Co.* v. *Anderson,* 233 U. S. 325, the same statute which was held invalid in the *Wynne Case* was again before the Court for consideration as applied to a case where plaintiff had not demanded more than he sued for and recovered, and the validity of the statute was upheld.

In *Yazoo & Mississippi Valley R. R. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217, the statute required every common carrier to settle claims for lost or damaged

freight within 60 days and made it liable for $25 damages in each case in addition to the actual damages, but limited the penalty to claims of 'less than $200. The claim was $4.76, and there was a recovery of the claim and penalty. Such a statute was held a reasonable incentive to the prompt settlement without suit of just demands of a class admitting of special legislative treatment. It was objected to the statute that it intended the assessment of a penalty, whether the recovery was less than the claim or not. But the Court refused to consider the objection, on the ground that it sufficed to hold that, as applied to cases like those before it, the statute was valid; and that it would not deal with imaginary cases or speculate on what application the state court would make of the statute in another class of cases.

In *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Polt,* 232 U. S. 165, the state statute made a railroad company absolutely responsible for loss of property destroyed by fire communicated from its locomotives, and provided that, unless it paid or offered to pay the full amount of the damage within 60 days from notice, the owner should have double damages, unless he recovered less than the amount offered by the company before suit. The plaintiff demanded and sued for $838.20. The company offered $500. The verdict was for $780. The Court said that the rudiments of fair play required by the Fourteenth Amendment were wanting when a defendant in such a case was compelled to guess rightly what a jury would find or pay double if that tribunal added a cent to the amount tendered, though the tender was futile because of an excessive demand.

In *Missouri, Kansas & Texas Ry. Co.* v. *Cade,* 233 U. S. 642, a statute regulating the presentation and collection of claims for personal service, material furnished, overcharges for freight, for lost or damaged freight, or .for stock killed or injured, against any person or corporation,

less than $200 in amount, required that they be settled in 30 days and, if not, the person injured could bring suit, and, if he recovered the full amount of his claim, he should be entitled, in addition to the amount and costs, to a reasonable attorney's fee not exceeding $20. It was held that the attorney's fee here was manifestly only costs of suit and that, as the statute applied to every one and any person might be plaintiff or defendant, the mere distinction between the costs to be taxed against the plaintiff and those against the defendant did not deny the equal protection of the laws, because the plaintiff usually had the burden in the case, and, as the outlay for an attorney's fee was a necessary consequence of the litigation, it was reasonable to impose it upon the party whose refusal to pay the just claim rendered the litigation necessary.

In *Atchison, Topeka & Santa Fe Ry. Co.* v. *Vosburg,* 238 U. S. 56, a statute requiring prompt furnishing of cars by carriers, and prompt loading by shippers, and which imposed the same penalty per car upon delinquents of either group, but which added attorney's fee to the penalty imposed on the carriers in case of recovery by a shipper, was held to deny to the carriers the equal protection of the laws, because in such a case there was no ground for putting the carriers in a different class from the shippers and imposing a special burden on them, when they were both in identically the same situation.

The general rule to be gathered from this extended review of the cases is, that common carriers engaged in the public business of transportation may be grouped in a special class to secure the proper discharge of their functions, and to meet their liability for injuries inflicted upon the property of members of the public in their performance; that the seasonable payment of just claims against them for faulty performance of their functions is a part of their duty, and that a reasonable penalty may be imposed on them for failure promptly to consider and

pay such claims, in order to discourage delays by them. This penalty or stimulus may be in the form of attorney's fees. But it is also apparent from these cases that such penalties or fees must be moderate and reasonably sufficient to accomplish their legitimate object and that the imposition of penalties or conditions that are plainly arbitrary and oppressive and " violate the rudiments of fair play " insisted on in the Fourteenth Amendment, will be held to infringe it. In this scrutiny of the particular operation of a statute of this kind, we have sustained it in its application to one set of facts by the state court and held it invalid when applied to another. In some of the cases in which the statutes are sustained there is a fixed penalty or a limited attorney's fee. In others, the attorney's fee is merely required to be reasonable and fixed by the court. In some, there is a limit in the amount of the claims to which the statute applies, and in others, not. In some statutes held valid, the penalty or fee is allowed only on condition that the full amount claimed be recovered, in others, that the amount sued for be recovered. In the one case, the statute imposed no condition upon the imposition of a penalty that the full amount claimed or sued for should be recovered, but the Court refused to consider the validity of the penalty from that standpoint because the facts did not require it. In another case, the requirement that a tender of the amount recovered could alone save double damages was held invalid, because requiring a guess as to the verdict of the jury.

It is obvious that it is not practical to draw a line of distinction between these cases based on a difference of particular limitations in the statute and the different facts in particular cases. The Court has not intended to establish one, but only to follow the general rule that when, in their actual operation in the cases before it, such statutes work an arbitrary, unequal and oppressive result for

the carrier which shocks the sense of fairness the Fourteenth Amendment was intended to satisfy in respect of state legislation, they will not be sustained.

Coming now to the case before us, we find that the statute affects all common carriers, that it imposes on them the duty of considering and settling claims for loss of and damage to freight within 60 days, and provides that, if they do not so settle them and in a subsequent suit more is recovered than the amount tendered, the amount found due shall carry 7% interest from the presentation of the claim, as a penalty, and reasonable attorney's fees. If an appeal be taken and the plaintiff succeed, an additional attorney's fee may be included. The statute is confined to freight claims. It does not place a limit on them, but, as we have seen, the cases do not require this. The statute does require a tender, but in this case the claims were wholly rejected. No tender of any amount was even attempted. The claims numbered 105 when presented and sued on. They were reduced to 72. The trial lasted four days.

It is said here, as it was said in the *Polt Case* in 232 U. S. 165, that the company can not be subjected to a penalty for not guessing rightly the verdict of a jury. But the cases are very different. There the penalty was double damages for a failure to guess rightly as to the jury's view of damages from a fire to a house, when the extent of the damage was not peculiarly within the company's knowledge. Here the damages were for hogs, injured during the custody of the carrier, and whose value was determined by weight and market price and not difficult of ascertainment after a bona fide effort, and there was no effort at a tender at all. Here the penalty is only 7% interest on the actual recovery, and reasonable attorney's fees as costs. The amount of the attorney's fee, $200 for a case involving the preparation for trial of 72 different claims and a four days' trial, does not shock one's sense of fairness.

It is further separately assigned for error that the Supreme Court imposed upon plaintiff in error an attorney's fee of $100 when it won the case on appeal by reducing the amount recovered in the trial court. The original § 6063, Revised Statutes of Nebraska, only provided for an attorney's fee to be fixed by the court; but c. 134, Laws of Nebraska, 1919, added the words "and in event an appeal be taken and the plaintiff shall succeed, such plaintiff shall be entitled to recover an additional attorney fee to be fixed by such court or courts." This might have been construed to mean that the plaintiff could only have an attorney's fee in the appellate court or courts, if he maintained the judgment he had obtained in the court of first instance. But the Supreme Court of the State, and that controls our view, has evidently interpreted the words " the plaintiff shall succeed " to mean success in securing a judgment for more than the amount tendered, if any, and it is in light of this interpretation that we must consider the reasonableness of the statute and the validity of the fee fixed in this case.

The evident theory of the amendment of §6063, as thus interpreted, is that the burden of the litigation, both in the trial and appellate court, could be avoided by reasonable assiduity of the defendant carrier in availing itself of its peculiar sources of knowledge, ascertaining the actual damage and making a genuine tender of what it believes to be due, and, if the ultimate recovery is not more than the tender, that the claimant shall have neither interest nor attorney's fee. Under the circumstances, does the statute thus construed work a fair result? Here is an excessive claim of $2,000 reduced to $800 by a trial in one court, with an attorney's fee fixed at $600, and then an appeal by which the claim is reduced to $600, and the fee to $200. It is said that there were 105 claims reduced by the litigation to 72, and that claimant might have brought a separate suit on each and so had an attorney's

fee in each claim on which it recovered anything, making a larger aggregate of fees than it has secured. But we do not think this consideration can play any part in the case as it is. The claimant doubtless united the claims for its own convenience and to save its own time and that of its counsel.

Then it is said the fee in the Supreme Court is left to the discretion of that court, which can be trusted to do the fair thing as a chancellor often does, by dividing the costs on an equitable basis. But the difficulty with this view is that the construction which the Supreme Court has given the statute does not reserve to itself this power. It says that in such a statute the fee must be reasonable, in that it is to be based on a consideration of the value of the attorney's service to the claimant and the amount of time and labor expended by him, bearing a fair proportion to the amount of the judgment recovered. These are the usual and proper elements in fixing compensation for a lawyer's service. In other words, the Supreme Court, if any amount over the tender is recovered by its judgment, must fix a fee compensating the attorneys for the claimant for their work on the appeal, however excessive the recovery below and however much reduced on the appeal, if more than the original tender. Thus what we have here is a requirement that the carrier shall pay the attorneys of the claimant full compensation for their labors in resisting its successful effort on appeal to reduce an unjust and excessive claim against it. This we do not think is fair play. Penalties imposed on one party for the privilege of appeal to the courts, deterring him from vindication of his rights, have been held invalid under the Fourteenth Amendment. *Missouri Pacific Ry. Co.* v. *Tucker,* 230 U. S. 340. While the present case does not involve any such penalties as were there imposed, we think the principle applies to the facts of this case. We hold that so much of the statute as imposed an attorney's

fee upon the carrier in this case in the Supreme Court was invalid. The judgment of the Supreme Court is to this extent reversed and in other respects affirmed. The costs in this court will be taxed one-third to the defendant in error, and two-thirds to the plaintiff in error.

> *Reversed in part and*
> *Affirmed in part.*