### BURNS v. SHEPHERD et al.

Court of Appeals of Kentucky.

Dec. 18, 1953.

As Modified and Extended Feb. 5, 1954.

Maxwell P. Barret, Willis W. Reeves, Hazard, for appellant.

Cordell H. Martin, Hindman, Squire N. Williams, Jr., Frankfort, for appellees.

DUNCAN, Justice.

This action challenges the constitutionality of KRS 342.320(2), Acts of 1952, Chapter 182, § 12, under which an employer is required to pay one-half of the claimant's attorney fee in the case of an award by the Workmen's Compensation Board, growing out of injury or death of an employee.

Floyd Shepherd, an employee of appellant, sustained an injury on August 28, 1952, from which he died some two weeks later. Through employed counsel, the deceased's widow filed her application for adjustment of claim with the Workmen's Compensation Board on Sepetmber 26, 1952. Soon thereafter, the claimant and appellant entered into an agreement for the payment of compensation of $20.80 per week for a period of four hundred weeks. The agreement was filed and approved by the Board, pursuant to the provisions of KRS 342.265. Shortly thereafter, the claimant's attorney moved the Board to allow him an attorney fee under the provisions of KRS 342.320(2). The Board allowed an attorney fee of $2,075, and ordered appellant to pay one-half of the fee and commute sufficient of the final payments under the agreement to pay the remaining one-half. Appellant objected to the order and appealed to the circuit court, which sustained the action of the Board.

Appellant insists that the statute in question violates the due process clause of the Constitution of the United States, Fourteenth Amendment, Section 1, as well as several provisions of the Constitution of Kentucky, particularly Section 2.

We commence our consideration of the statute with the premise that it cannot be sustained under constitutional provisions for equal protection of the law, due process, and against the granting of special privileges if in its practical application it does nothing more than benefit one class of individuals at the expense of another.

Analogous to the question presented here are statutes requiring payment by insurance companies of all or a part of the insured's attorney fee in actions against the insurer for losses under policies. The statutes which have been upheld were invariably rested upon vexatious delay on the part of the company, its bad faith, or refusal to pay within the time provided by the policy. There also are statutes requiring payment of attorney fees in claims asserted against railroad companies for damage to freight or cattle, all of which were conditioned upon the carrier's failure within a reasonable time to consider and pay such claims. In no instance have we found a statute, other than the one under consideration, which requires the payment of attorney fees except when based upon some act or failure of the person against whom the obligation was imposed.

In the case of Inter-Southern Life Ins. Co. v. McElroy, 8 Cir., 38 F.2d 557, 560, the Federal Court held unconstitutional an Arkansas statute which provided a penalty, including attorney fees, for failure of an insurance company to pay the loss under the policy within the time provided in the policy. The court there said:

"The constitutionality of this statute is assailed on the ground that it is violative of the due process of law and equal protection of the law clauses of the federal Constitution (Amend. 14, § 1). Literally construed this statute seems to impose the penalty and attorney's fee 'as a mere consequence of success in the suit.' * * *

"A somewhat similar statute in Missouri has been construed by the Supreme Court of that state as one imposing penalties for vexatious refusal to pay, and that, where the question

of liability of the company presents a question of law about which lawyers may honestly entertain different opinions, the insurance company is entitled to litigate that question in the court without being penalized' therefor. As so limited by construction, the Missouri statute has been sustained.

"The lower court in this case, however, did not so construe this statute, and we are of the view that, unless the statute can be so construed, it is violative of the due process of law and equal protection of the law clauses of the Constitution of the United States."

The Missouri case referred to is Non-Royalty Shoe Co. v. Phoenix Assur. Co., 277 Mo. 399, 210 S.W. 37, 42, in which it was said:

"If the fact of an adverse decision is to constitute the sole and decisive test, it would be fairly plain that this court was in error when it held the statute to be constitutional; for it is only upon the fundamental ground of a vexatious refusal to pay that the penalty inflicted by the statute can be upheld. The defendant is to be allowed to entertain an honest difference of opinion as to its liability, or as to the extent of such liability under the contract of insurance, and to litigate that difference; otherwise the provision of the statute is obviously so shot through with duress as to be invalid upon any view."

The Supreme Court in Chicago & N. W. R. Co. v. Nye-Schneider-Fowler Co., 260 U.S. 35, 43 S.Ct. 55, 67 L.Ed. 115, discussed many of the state statutes providing for attorney fees to claimants against railroads, and concluded that so long as the object of the statutes was the imposition of a reasonable penalty as a stimulus to require the companies to seasonably consider and pay such claims they violated no constitutional guaranties.

There are only two Kentucky cases dealing with statutes imposing attorney fees upon one party when the opposing party was not granted a similar right if successful. They are Liberty Warehouse Co. v. Burley Tobacco Growers' Co-op. Ass'n, 208 Ky. 643, 271 S.W. 695, and W. W. Mac Co. v. Teague, 297 Ky. 475, 180 S.W.2d 387. In the Liberty Warehouse case, we upheld the Bingham Co-operative Marketing Act, one provision of which imposed an attorney fee against the warehouse if it should become liable for a violation of the Act. In the Teague case, we held constitutional a provision of the Women and Minors' Act requiring payment of attorney fees by the employer where he had failed to pay the wages prescribed and an action was instituted against him by the employee on that account.

Throughout all of the cases is the fundamental principle that the imposition of the fees is justified solely on the ground that the person responsible for their payment has brought about the situation through which the fees are incurred by the willful violation of some statutory or contractual obligation. In the statute under consideration, no distinction is made between the just and the unjust. It applies with equal force to the employer who, without reasonable basis for his position, is trying to escape his statutory responsibility, and the employer who is neither seeking to avoid or delay payment of a valid claim asserted by the employee.

As illustrating how the statute may penalize an innocent employer, there may be many instances in which there would be a good faith disagreement between the employer and employee as to the extent of disability resulting from an injury. The award of the Board may agree with the employer in determining the extent of disability; yet, if there is any award whatever, the employer is required to pay one-half of the attorney fee, notwithstanding he may have been completely successful in sustaining his position.

Unless based upon some unreasonable delay or willful failure of the employer, there could be no more constitutional justification for requiring the employer to pay all or part of the employee's attorney fee

than to require payment of his grocery bill. Unless some standards are provided by which the requirement would apply only to employers who have unreasonably or willfully violated some obligation which they owe to an employee, we do not think the statute can be sustained as constitutional. It violates the due process clause of the Federal Constitution and Section 2 of the Kentucky Constitution which declares that absolute and arbitrary power exists nowhere in a republic.

We are next confronted with the question of whether or not that portion of KRS 342.320(2) requiring payment of part of the attorney fee by the employer is severable from the remainder of the subsection. If severable, the remainder of the subsection would stand, the effect of which would be that the Board, would be required to fix a fee to claimant's attorney in a sum equal to 25% of the award, the entire amount of which would be payable by the claimant.

■ It is a fundamental principle that a statute may be valid in one part and invalid in another part, and if the invalid part is severable from the rest, the part which is valid may be sustained. State Board of Election Com'rs v. Coleman, 235 Ky. 24, 29 S.W.2d 619. On the other hand, where all of the provisions are so connected that it cannot be presumed a legislative body would have passed one without the other, the whole statute falls. Martin v. High Splint Coal Co., 268 Ky. 11, 103 S.W.2d 711.

■ The 1952 Legislature, by Chapter 182, amended several sections of the Workmen's Compensation Law by increasing employees' benefits generally. Section 12 [11] of that chapter amended KRS 342.320 as it existed prior to that time and effected a substantial increase in fees for attorneys who represented claimants. This increase did not affect the employees since one-half of the fee was chargeable against the employer. We think it is obvious that attorney fees would not have been increased without the provision requiring partial payment by the employer. We, therefore, think that KRS 342.320(2) is invalid in its entirety.

■■ This does not mean that we are left without any provisions in the Workmen's Compensation Act relating to attorney fees. An unconstitutional law cannot operate to supersede an existing valid law. Since KRS 342.320(2) is an amendatory Act, it did not supersede the valid prior provisions of KRS 342.320 relating to attorney fees.

The judgment is reversed for proceedings consistent with this opinion.