626 A.2d 566

**Joseph COSTA, Appellee,**

v.

**LAUDERDALE BEACH HOTEL, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 8, 1992.

Decided June 8, 1993.

156

Charles J. Cunningham, Philadelphia, for appellees.

Robert M. Britton, Glenn M. Campbell, Philadelphia, for appellant.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

In this appeal, we are asked to consider the constitutionality of assessing delay damages, under Rule 238 of the Pennsylvania Rules of Civil Procedure, against a defendant who has made a settlement offer in excess of the verdict. We find no constitutional infirmity and, accordingly, affirm the order of the Superior Court.

This personal injury action arose on March 8, 1983, when Appellee Joseph Costa was a paying guest at Appellant Lauderdale Beach Hotel. Appellee was injured when he tried to extricate himself from a stalled elevator, lost his grip, and fell to the bottom of the elevator shaft. On November 18, 1983, Appellee filed a complaint seeking damages for his injuries; the complaint was served on Appellant on March 6, 1984.

On September 30, 1985, Appellee demanded $150,000 to settle his claim. Appellant did not agree to this demand, and three and one-half years later, on February 23, 1989, made a written offer of $75,000. By letter dated February 27, 1989, Appellee rejected Appellant's offer and reasserted his demand for $150,000. The case went to trial and, on March 8, 1990, a jury awarded Appellee $50,466. This amount was approximately one-third of the amount demanded by Appellee and two-thirds of the amount offered by Appellant prior to trial.

Appellee filed a motion for delay damages under Pa.R.C.P. 238. The trial court awarded Appellee $26,228.18 in delay damages for the period from one year after the date the cause of action accrued (March 8, 1984) to the date Appellant made its written settlement offer (February 23, 1989). The Superior Court affirmed the award of delay damages in an unpublished opinion, 408 Pa.Super. 654, 588 A.2d 566. This Court then granted leave to appeal in order to consider whether assessing delay damages against a defendant who has made a written settlement offer that exceeds the verdict violates the constitutional guarantees of due process and equal protection,

exceeds the scope of this Court's rule-making authority, or infringes upon a defendant's right of access to the courts.[1]

Rule 238 provides, in relevant part:

**RULE 238. DAMAGES FOR DELAY IN AN ACTION FOR BODILY INJURY, DEATH OR PROPERTY DAMAGE**

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, . . ., and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time

(i) in an action commenced before August 1, 1989, from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision;

.      .      .      .      .

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsible entity,

and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the

---

1. Appellee claims that some of these issues have been waived, but we find the enumerated issues to have been preserved for our review.

actual cost of the structured settlement plus any cash payment to the plaintiff[.]

Appellant argues that assessing delay damages where the defendant's written settlement offer exceeds the verdict violates the due process and equal protection guarantees of the United States and Pennsylvania Constitutions,[2] because it penalizes defendants for the unreasonableness of plaintiffs, creates an irrebuttable presumption that defendants are responsible for causing delay, and creates an improper distinction between plaintiffs and defendants. Appellant also argues that Rule 238 is unconstitutional because it exceeds the scope of this Court's rule-making authority[3] and unduly inhibits defendants from exercising their right to resort to the courts in defense of claims against them.[4]

Although this Court has never before considered the constitutionality of applying the delay damages rule in the factual scenario presented by this case, the rule has been the subject of similar constitutional challenges in the past.[5] The Court considered many of the same issues in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981). We recognize that *Laudenberger* did not deal with the current version of Rule 238; nevertheless, *Laudenberger* controls the constitutional issues presented here. When the Court suspended former Rule 238 in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), it specifically "[did] not overrule the rationales of *Laudenberger*, for they have vitality of their own in the context of the ends sought." *Id.* at 65, 515 A.2d at 1353.

In *Laudenberger*, the Court held that the former version of Rule 238 did not exceed this Court's rule-making authority, nor did it violate the federal and state guarantees of equal protection and substantive due process. The Court explained

2. U.S. Const. amends. V and XIV; Pa.Const. art. I, § 11 and art. III, § 32.

3. Pa. Const. art. V, § 10(c).

4. Pa. Const. art. I, §§ 6 (trial by jury) and 11 (access to courts).

5. The history of Rule 238 is discussed in Pa.R.C.P. 238, Explanatory Comment—1988.

that Rule 238 had two purposes: to encourage settlement and to promote prompt, expeditious trial. The rule therefore was within the Court's authority and duty under Article V, Section 10(c) of the Pennsylvania Constitution to "prescribe general rules governing practice, procedure, and the conduct of all courts." 496 Pa. at 59–67, 436 A.2d at 151–155.

■ The Court acknowledged that the rule had some effect on the substantive rights of the parties because it created a new "duty" on the part of defendants. However, the Court went on to explain that the "essence of this duty" was merely to extend "the compensatory damages necessary to make a plaintiff whole." 496 Pa. at 66, 436 A.2d at 154. Delay damages merely compensate a plaintiff for "the money that he would have earned on his award if he had promptly received it." 496 Pa. at 65, 436 A.2d at 154. *See also, e.g., Schrock v. Albert Einstein Medical Center,* 527 Pa. 191, 589 A.2d 1103 (1991); *Trans–Global Alloy Ltd. v. First National Bank of Jefferson Parish,* 583 So.2d 443, 457–458 (La.1991) (citing cases, including *Laudenberger* ).[6] That the rule had some collateral effect on the parties' substantive rights was not sufficient reason to prevent the Court from exercising its duty to resolve procedural questions. *Laudenberger,* 496 Pa. at 67, 436 A.2d at 155.

The Court went on to find that the rule did not offend equal protection, because the distinction between plaintiffs and defendants was a reasonable one and the rule bore a rational relationship to the goal of encouraging settlement. The Court pointed out that the classification rested upon the difference between the situations of plaintiffs and defendants: "the plaintiffs have been wrongly injured and have suffered financial losses because of the defendants' action." *Id.* at 68–69, 436 A.2d at 156. Similarly, the Court found no violation of sub-

---

**6.** Conversely, delay damages also prevent a defendant from being unjustly enriched by keeping the interest that could be earned during the litigation process on what is essentially the plaintiff's money. *See Schrock,* 527 Pa. at 195–97, 589 A.2d at 1106; *Trans–Global Alloy Ltd.,* 583 So.2d at 458.

stantive due process because the rule was rationally related to a legitimate state goal. *Id.* at 70–71, 436 A.2d at 156–157.

Appellant argues that the situation is different where, as in the case *sub judice*, the defendant has extended and the plaintiff has rejected a settlement offer that exceeds the verdict amount. Appellant contends that due process requires that the plaintiff's unreasonable settlement demands be considered an element of "fault" that relieves the defendant of responsibility for delay damages under this Court's decision in *Craig, supra.* This argument both misconstrues *Craig* and reflects a fundamental misunderstanding of the nature of delay damages.[7]

In *Craig*, the Court suspended "those mandatory provisions of [former] Rule 238 which assess[ed] delay damages against defendants without regard to fault." 512 Pa. at 65, 515 A.2d at 1353. The Court was concerned that the automatic assessment of delay damages was inconsistent with due process. In place of the mandatory provisions, the Court directed that, following a verdict or arbitration award, the plaintiff present a petition requesting delay damages. In determining whether delay damages should be awarded, the court was to consider not just "the mere length of time between the starting date and the verdict," *id.* at 66, 515 A.2d at 1353 (footnote omitted), but also: "the parties' respective responsibilities in requesting continuances[;] the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the

7. In support of its argument, Appellant cites a line of pre–1935 cases in the United States Supreme Court, including *Life & Casualty Ins. Co. of Tennessee v. McCray,* 291 U.S. 566, 54 S.Ct. 482, 78 L.Ed. 987, *reh'g denied,* 292 U.S. 600, 54 S.Ct. 627, 78 L.Ed. 1464 (1934); *Chicago & Northwestern Railway Co. v. Nye Schneider Fowler Co.,* 260 U.S. 35, 43 S.Ct. 55, 67 L.Ed. 115 (1922); *Kansas City Southern Railway Co. v. Anderson,* 233 U.S. 325, 34 S.Ct. 599, 58 L.Ed. 983 (1914); *Chicago, Milwaukee & St. Paul Railway Co. v. Polt,* 232 U.S. 165, 34 S.Ct. 301, 58 L.Ed. 554 (1914); *Yazoo & Mississippi Valley Railroad Co. v. Jackson Vinegar Co.,* 226 U.S. 217, 33 S.Ct. 40, 57 L.Ed. 193 (1912); *St. Louis, Iron Mountain & Southern Railway Co. v. Wynne,* 224 U.S. 354, 32 S.Ct. 493, 56 L.Ed. 102 (1912); *Seaboard Air Line Railway v. Seegers,* 207 U.S. 73, 28 S.Ct. 28, 52 L.Ed. 108 (1907). These cases lend no support to Appellant's position, for they would not invalidate a reasonable incentive to prompt settlement such as the delay damages authorized by rule 238. *See, e.g., McCray,* 291 U.S. 566, 54 S.Ct. 482.

joinder of additional parties; and other pertinent factors," *id.*, 515 A.2d at 1353. Rule 238 has since been amended to incorporate the *Craig* directive.

■ The concept introduced in *Craig* was one of *procedural* fault. The considerations that the *Craig* court listed as relevant to fault are all factors relevant to the delay of trial. Accordingly, the amended rule states specifically that delay damages are not to be awarded for any period "during which the plaintiff caused *delay of the trial.*" Pa.R.C.P. 238(b)(2) (emphasis added). The reason a plaintiff cannot collect for periods during which he or she caused delay of trial is that those are periods for which the plaintiff is the party responsible for prolonging the time during which he or she is denied use of his or her money. As the Court explained in *Laudenberger, supra,* one of the two primary purposes of Rule 238 is "to effectuate prompt, expeditious trial." 496 Pa. at 61, 436 A.2d at 152. A plaintiff's unreasonable demands are not relevant to this concern, for as we explained in *Schrock, supra:*

> [a] plaintiff's excessive demands may slow the settlement process, but have little impact upon the speed of the litigation process. Thus, an assertion that the plaintiff's demand is unreasonable is simply not relevant to the question of whether he or she was at fault for the delay of trial.

527 Pa. at 194 n. 1, 589 A.2d at 1105 n. 1.

■ It may be true that a plaintiff's unreasonable demands affect the speed with which a case is settled. However, nothing prevents a defendant from protecting himself or herself against the assessment of delay damages by extending a prompt, reasonable settlement offer. *Schrock,* 527 Pa. at 195–97, 589 A.2d at 1106; *Laudenberger,* 496 Pa. at 69–70, 436 A.2d at 156. In keeping with its purpose of encouraging settlement, Rule 238(b)(1) prohibits a plaintiff from collecting delay damages for the period after such an offer has been extended. *See* Pa.R.C.P. 238(b)(1).[8]

---

**8.** Appellant's argument that Rule 238 denies a defendant *procedural,* as opposed to substantive, due process is without merit, for the rule plainly provides the defendant with an opportunity to be heard on the relevant "fault" issues. *See* Pa.R.C.P. 238(c).

■ Appellant further argues that Rule 238 unconstitutionally inhibits defendants from exercising their right to defend themselves in court, Pa. Const. art. I, §§ 6 and 11, because it threatens defendants with a penalty if they choose to "defend rather than settle and leave the courts peaceably." [9] (App.Br. at 33.) Again, this argument misapprehends the nature of delay damages. Delay damages do not penalize a defendant that chooses to go to court; they simply do not permit a ˙ defendant to profit from holding money that belongs to the plaintiff, by requiring the defendant to compensate the plaintiff for the loss of the use of that money during the time the defendant held it. *See Laudenberger*, 496 Pa. at 71, 436 A.2d at 154; *Trans–Global Alloy Ltd.*, 583 So.2d at 458 (citing *Miller v. Robertson*, 266 U.S. 243, 45 S.Ct. 73, 69 L.Ed. 265 (1924)). Delay damages are incentive to settle and to avoid delay of trial not because the defendant faces a penalty if it chooses not to settle, but because the defendant may limit the size of the compensation award by settling the case or by choosing not to engage in dilatory pretrial tactics.

■ Finally, Appellant argues that Rule 238 is not completely effective in achieving its purposes and that those purposes could be achieved through other means. Such possibilities, however, are not determinative of the constitutionality of the rule.[10] We must conclude that the rule is not unconsti-

**9.** Appellant attaches too much significance to the fact that the Court in *Craig, supra,* referred to delay damages as a "penalty." *See, e.g.,* 512 Pa. at 65, 515 A.2d at 1353. As the United States Supreme Court has stated, "The result will not be changed, ..., though the increment to the judgment be classified as penal, if the amount is not immoderate. The measure, not the name, controls." *Life & Casualty Ins. Co. v. McCray,* 291 U.S. 566, 573, 54 S.Ct. 482, 485, 78 L.Ed. 987 (1934).

**10.** Nevertheless, we have reviewed Appellant's arguments on this point and find them to be without merit. For example, Appellant argues that the availability of delay damages actually gives plaintiffs incentive to prolong settlement negotiations because the accumulation of delay damages will increase the amount to which a plaintiff is entitled and thereby inflate his or her demands. This argument is illogical, for a plaintiff has an interest in receiving, and being able to use, his or her money earlier rather than later. Furthermore, any theoretical incentive a plaintiff would have to prolong settlement negotiations is eliminated by subsection (b)(1) of Rule 238, which prohibits a plaintiff from

tutional where we find, as we do here, that it is substantially and rationally related to a legitimate goal. *See Laudenberger*, 496 Pa. at 69, 436 A.2d at 156.

Accordingly, the Order of the Superior Court is affirmed.

collecting delay damages for the period after a reasonable settlement offer has been extended.