## Young v. Zitomer

*Robert Ross,* for plaintiff.
*Kevin H. Wright,* for defendants.

ACKERMAN, *J.,* September 3, 2002—This is an appeal by Allegheny University Hospitals-Hahnemann Division, Allegheny United Hospitals Inc. and Allegheny Health, Education and Research Foundation, based upon an order of this court granting delay damages in the sum of $3,410,236.99.

The Allegheny defendants argue as follows:

(1) Rule 238 is unconstitutional;

(2) Plaintiff delayed trial by not filing expert reports until the date required by the court's case management order; and

(3) Delay damages should not run against the Allegheny defendants until one year from the date they were served with plaintiff's complaint.

First, the constitutionality of Rule 238 is a well-settled issued. The Pennsylvania Supreme Court has long held that Rule 238 "is not unconstitutional." *Costa v. Lauderdale Beach Hotel,* 534 Pa. 154, 159, 626 A.2d 566, 568 (1993). In *Costa,* the court specifically held that Rule 238: does not violate the substantive due proc-

ess and equal protection guarantees of the United States and Pennsylvania Constitutions; does not exceed the court's rule-making authority; does not prevent defendants from exercising their right to defend themselves in court; and is substantially and rationally related to the Commonwealth's legitimate goals. *Id.,* 534 Pa. at 159-61, 626 A.2d at 568-71. The Supreme Court's holding in *Costa* is consistent with the holding of the United States Third Circuit Court of Appeals in *Knight v. Tape Inc.,* 935 F.2d 617 (3d Cir. 1991), wherein the court held that Rule 238 did not violate substantive due process and equal protection rights and was rationally related to the Commonwealth's legitimate interest in expeditiously settling meritorious tort claims.

Second, plaintiff never delayed the trial of this case and defendants are not entitled to a "tolling" of the delay damages period. The Allegheny defendants argue that the delay damages period was tolled until plaintiff served her expert reports. Pursuant to the case management order in this case, plaintiff's expert reports were due to be served on defense counsel on or before November 6, 2000. Plaintiff's expert reports were, indeed, served on defense counsel by that date. This case thereafter proceeded to trial without any delay by plaintiff. Contrary to the position taken by the Allegheny defendants, there is no provision in Rule 238 requiring the tolling of the delay damages period until expert reports are served. Nor have the Allegheny defendants cited any case law to support their position. The only tolling period under the Rule occurs if a written settlement offer is made that is more than 125 percent of the verdict or if the plaintiff caused a delay of the trial. Neither of these conditions precedent

to the tolling of the delay damages period occurred in this case.

Lastly, the Allegheny defendants contend that delay damages should not begin to run until one year after they were served with the complaint, not one year after the other defendants were first served. The Allegheny defendants are incorrect. Initially, all of the defendants who went to verdict were found to be joint tort-feasors and jointly and severally liable for the entire amount of the verdict. The law of this Commonwealth holds that tort-feasors, who are jointly and severally liable for the entire amount of the verdict, are jointly and severally liable for all delay damages. See *Wirth v. Miller,* 398 Pa. Super. 244, 580 A.2d 1154 (1990); *Tindel v. SEPTA,* 385 Pa. Super. 94, 560 A.2d 183 (1989). Thus, it does not matter when the delay damages period began to run against the Allegheny defendants because, as a result of their joint and several liability, they are liable for the entire amount of delay damages·assessed against all defendants. Moreover, Rule 238 makes it clear that delay damages begin to run against all defendants one year from the date that the first defendant was served with process. See Pa.R.C.P. 238(a)(2)(ii) ("damages for delay shall be awarded for the period of time . . . from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision."). In fact, the comment to Rule 238 provides an illustration showing how delay damages are calculated against all defendants from one year after the first defendant was served. See Pa.R.C.P. 238, explanatory comment—1998. Accordingly, the delay damages period in the instant case begins to run one year from the

date the first defendant was served, not one year from the date the Allegheny defendants were served.

No error was committed by this court in its order granting delay damages.